PEOPLE OF PORTO RICO, Plaintiff and Appellee, *v.* MANUEL DELGADO, Defendant and Appellant.

No. 2670.   Argued March 5, 1926.—Decided March 11, 1926.

*Felipe Colón Díaz* and *Miguel Bahamonde* for the appellant. *José E. Figueras, Fiscal,* for the appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

The appellant was sentenced to pay a fine of sixty dollars for disturbing the public peace and in the appeal taken by him from that judgment he alleges that he should be acquitted because in the complaint made against him no crime is charged.

He was denounced for violating section 358 of the Penal Code, it being alleged that wilfully and maliciously he disturbed and molested with vulgar conduct the order and solemnity of the prisoners assembled in the municipal jail by uttering in a loud voice certain insulting words (quoted in the complaint) addressed to the complainant.

The facts stated in the complaint are not included in said section 358 because the acts therein penalized are those of disturbing or molesting any assemblage of people met for religious worship, or for any other lawful purpose; to disturb or break up without authority any assembly or meeting of a lawful character and the use of profane or indecent language within the presence or hearing of women or children; and a meeting of prisoners in a jail is not one

of the congregations or assemblages to which that statute refers, inasmuch as they suppose willingness of those assembled.

Let us see whether the facts related constitute the crime defined in section 368 of the Penal Code and penalized by a fine not exceeding two hundred dollars, or by imprisonment in jail for not more than ninety days, or by both fine and imprisonment at the discretion of the court, for if so, the complaint will charge a crime although it does not cite that section but a different one, because the facts determine the crime instead of the legal qualification given to them by the complaint. In section 368 of the Penal Code, included also in the chapter covering crimes against the public peace, the act of disturbing the peace or quiet of any neighborhood or person, by loud or unusual noise, or by tumultuous or offensive conduct, or threatening, traducing, quarreling, challenging to fight or fighting, is made a crime. The complaint does not say that the defendant disturbed the peace or quiet of the complainant, but that he disturbed and molested with his words the prisoners met in the municipal jail, who are the inmates of the jail, and therefore charges criminal acts included in said section 368.

As regards the evidence heard and examined we find it sufficient, for the jailer testified that the accused uttered in it and near the prisoners the vulgar and insulting words quoted in the complaint.

The prosecuting attorney rested and the appellant offered no evidence, whereupon the court held that under section 368 of the Penal Code the case was a breach of peace and for the purpose of the punishment that should be imposed called a policeman to the witness-stand who testified that the accused had not a good record, was a disturber of the peace and had disturbed it at various times, and the court's action is alleged to be erroneous for the reason that since the defendant had offered no evidence of his good

reputation, it could not be attacked, citing the case of *Commonwealth* v. *Hardy*, 2 Mass. 317 (1807); but that point was not decided by that court, it being the opinion of one of its judges, and the practice now well settled is that when it devolves upon the court to determine the extent of punishment, evidence may be heard in aggravation or mitigation of the punishment. 8 R.C.L. pages 260 and 261; 14 Ann. Cas. 968.

For the foregoing reasons the judgment appealed from must be affirmed.